Thank you, your honors. Good morning. May it please the court. Devin Burstein, on behalf of Mr. Lopez Chacon. Your honors, this is a case about whether a defendant who, months before trial, offered to stipulate to the government's case, told the court he was, quote, not contesting the offense elements, entered into multiple written stipulations to offense elements, then repeatedly admitted all the essential elements of the crime at trial, did not cross-examine any government witnesses, or raise a single trial objection, should be denied acceptance of responsibility simply because he asserted a duress defense that was expressly permitted by the district court. Under the guidelines in this court's case law, the answer is no. Because Mr. Lopez Chacon truthfully admitted the conduct comprising the offense of conviction and did not deny the essential elements of guilt, he was entitled to the reduction. There are other considerations that are appropriate as well. I think it's a bit of a messy record in this case.  Because on the one hand, there are some suggestions in the record, including from the government, that the decision to go to trial alone may be a basis for denial of acceptance, and that's not correct. But it doesn't mean that the district court can't consider other factors. It's a duress defense, the timely surrender, timely acceptance, or pretrial conduct are legitimate considerations as well. And so there's some suggestion in the record that the district court recognize that discretion. So how do you respond to that? I think if we look at exactly what the district court said, we can see the error quite clearly. So we're at ER 18. And I highlighted some parts that I think really underline the fact that in this case, the messy record complicates things because I think what we think is that the district court maybe didn't quite, I hate to say understand, but maybe didn't quite understand how the duress defense under Gamboa-Cardenas could qualify. So he says under the guidelines, this wouldn't qualify. Well, he's responding to the government's argument. The government says you look at pretrial conduct and pretrial statements, whether he voluntarily surrendered to authorities, et cetera, of the timeliness. And he says, I agree with the government. And then he says that under the guidelines, this wouldn't qualify. That's wrong. As a matter of law, that's wrong. And then he goes on, Judge Ikuda, and in the next paragraph, he says, I don't think this fits within the guidelines. That's also wrong as a matter of law. And then what we really see is – I guess I need to ask about that because, in fact, your client didn't voluntarily surrender as soon as he was free from a threat or do any of the pretrial conduct other than his counsel saying shortly before trial, we're not going to contest the elements of the offense. It's three months before trial. Well, according to the government's response to your 28-J letter, the trial was imminent, and then the district court continued it after that time. So, in fact, at the time of that hearing, everyone thought the trial was imminent. Is that wrong? That's right, but he never wavered in those three months. So, I mean, and I think this is a bit of a red herring because we all know if he had pled guilty in the morning of trial, he would have gotten the two points. He wouldn't have gotten the third point. So the idea that it's somehow a few days, a few weeks, a few months, it's a clever argument, but it's a red herring. But then turning back directly to the question, any time this comes up, it's going to be because the person didn't voluntarily surrender. Gamboa Cardenas, he didn't voluntarily surrender. So it's, again, I think a bit of a red herring argument. Right, but we're looking at abuse of discretion. So we're looking at whether the district court abuses discretion in saying that he didn't think that he qualified for acceptance of responsibility. Respectfully, Your Honor, I think it depends how you look at those statements. If that's an application, you're looking at abuse of discretion. But if you're looking at interpretation, you're looking at a de novo. One potential reading of this record is that the district court didn't think that duress defense along with at trial, excuse me, and still qualify for acceptance. If that's what the district court thought on this messy record, as Judge Nguyen noted, that's a de novo review because that's a legal error. That's not an application error. And it's certainly not clear from the record. And I think, respectfully, my argument about interpretation carries more weight than application. If we say, the judge correctly says there can be rare times when you go to trial and preserve a legal challenge to a statute. But I don't think it's quite comparable. But that's not, and I understand why he said that because that's what the guidelines say. But this court's case law has made very clear that that's not the only time. I mean, we look at cases like Luong or Rojas Flores. Both of those were not challenges to the statute. In Rojas Flores, the court said, because, quote, he did not deny the factual elements of guilt, Rojas Flores accordingly was entitled to the reduction for acceptance of responsibility. And the same was in Luong. And if we look at actually Your Honor's published cases on this very issue, just Your Honor's published cases on it, Rojas-Pedroza and Doe, we see where the critical point of distinction is. If I can quote Your Honor's language from Rojas-Pedroza. In denying acceptance, quote, the court focused particularly on Rojas's cross-examination of the government agent who had witnessed his removal in April 2010. Your Honor goes on to say, under the guidelines, it was appropriate for the district court to view Rojas's frivolous challenge to the evidence supporting an element of the offense as weighing against acceptance of responsibility. Your Honor made the same point in Doe. There is not one case this court is going to find where somebody went as far as my client did and was still denied acceptance. In order to deny acceptance on this record, the court would have to discount what the guidelines say. And the guidelines specifically say the first factor that's indicative of acceptance is, quote, truthfully admitting the conduct comprising the offense of conviction. There is no way to look at this record and say Mr. Lopez didn't do that. The second thing the guidelines say is as to trial. This is what the guidelines say. This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt. There is no way to look at this record and conclude that my client denied the essential factual elements of guilt. That's it. End of story. If we follow the plain language of the guidelines commentary, he qualified. Now whether the district court didn't understand that fact or understood it and simply got it wrong, it doesn't matter. Reversal is the appropriate remedy here. And I see I'm at two minutes, so if there's no further questions, I'd love to save them for rebuttal. Thank you, Your Honors. Good morning, Your Honors. My name is Saria Bahadu on behalf of the United States, and may it please the Court. This is one of those cases that is about deference, is about how much deference that a district court is entitled to. And in these circumstances, when evaluating acceptance of responsibility and whether evaluating a defendant is searly contrite, that deference is at its highest, and that should really be the end of the matter. And so I do want to focus first on whether there was a legal error. It's not about deference, though, or how much deference, depending on whether we view the record as the court making factual findings or applying the guidelines to the facts or interpreting the guidelines. So there are different levels, so we have to be able to discern from this record what the district court was doing. And my problem, as I stated to your opponent counsel there, that this record is a bit messy. So I think we start with the PSR. The PSR said that acceptance of responsibility points are not warranted because he went to trial, and that's incorrect. As a matter of law, that's incorrect, right? That's correct. Just because you go to trial doesn't mean that you are not entitled to. Then the next thing that happens in the record is the government files a sentencing position paper. And in the sentencing position paper, the government says that the PSR is correct. He's not entitled to acceptance of responsibility because he went to trial. That's also incorrect. Right. The government should have expanded further in that sentencing position. And so then we get to the sentencing hearing, and the district court says the PSR correctly calculated the guidelines. So at that point, I think, in my view, the table is sort of set. And I agree with the government's argument that I think there are statements during the sentencing hearing suggesting that the district court recognized that it had some discretion, the statement that counsel referenced that there are rare cases in which you can go to trial and still get acceptance. But I'm not sure that that's enough to demonstrate an understanding of the fact that you can go to trial, present an arrest defense, and still be entitled to acceptance of responsibility. So how do you respond to that in the face of those conflicting information in the record, some of which were created by the government's position papers? I do think it's enough, and I'll respond in a few ways. So first, in addition to in terms of what the table being set, there was also an addendum that was filed probation by probation where it expanded on the commentary and pointed to several aspects and several other considerations. Of course, one consideration is whether or not this person did not contest the underlying elements. And then there's other considerations that we've been discussing, whether or not they could have manifested acceptance earlier, whether or not they could have voluntarily surrendered to law enforcement. The next thing in terms of why this is enough on this record is that the government did expand on its position. And maybe the government should have said to be clear that just because he went to trial, he should not be penalized. But the government did explain that there are rare situations. It pointed to those exact considerations in Application Note 1, and it explained why the defendant did not fit those other considerations in Application Note 1. And then I think if we look at the actual text, as my colleague did, we disagree on what phrases to focus on. But at ER 18, there are three things that I think are important. One, as Judge Ikuda pointed out, the district court said that he agreed with the government. The government had just spent just a couple pages earlier talking about the other considerations in Application Note 1. Just because the defendant meets one of those considerations doesn't mean that he meets all of them. And that was the government's point. And by saying, I agree with the government, he is recognizing that there are other considerations at play. The other thing I want to point out is that the district court, as you noted, said this is not the norm when someone raises a duress defense, that they simply get acceptance. And that's consistent with this court's case law. Even Gamboa Cardenas says that it's rare. District courts have to focus on pretrial statements and conduct. And the guidelines, of course, say that it's rare. So that's another recognition that he does have discretion and that it's simply not the norm. And then also I do want to highlight that the district court says, so in all, in all, I don't think that the case fits within the guidelines. And by saying in all, he's not just considering the sentencing. He's also considering, and he talked about the trial at the beginning of the sentencing because he was denying the Rule 29 motion in this case. So he essentially went back over the trial testimony. What was the sentencing range difference between acceptance of responsibility points in this case versus not acceptance of responsibility? So without acceptance, the range is 51 to 63 months with a total offense level of 22. And then with acceptance, his total offense level would be 20. He has a criminal history of three. So his guidelines range would be 41 to 51 months. And, of course, the district court explained that he would consider the defendant's position within the overall guideline sentence, within his overall guideline analysis, and then he imposed a below-guideline sentence. And I do want to point out to you. But on that last point, though, where does he articulate why the variance or why the downward departure, if he calls it that? I'm not sure I caught that in the record. So he articulates it, I would say, at ER 19 and 20, and then again at ER 21. And I think he specifically says this at ER 21, Your Honor, this constitutes a variance below the guidelines which is informed by the 355.3a factors to which I've just referred. He discusses the defendant's plan to move to Costa Rica, and then he also says, and overall, I think that taking into account all the facts and circumstances, it's appropriate. And, of course, the district court could have said more, but I want to point the court to Gambino-Ruiz, where there this court said that so long as a district court does not rely on impermissible factors and so long as it considers the facts of this case, this determination of an acceptance reduction should be upheld even absent a specific explanation. What we have here is the district court considering. Counsel, I'm sorry for interrupting you. I may have missed it, but was there a reference specifically during the sentencing hearing to the PSR addendum? I believe at ER 8. Oh, ER 8. Oh, I'm sorry. Because at the end when the court said, I find the report to be correct and accurate, I take that as a comment on the PSR. I think that's correct, but at ER 8, the district court explains that it's read and considered the pre-sentence report, the addendum, the defendant's position, and the government's position. So what I was about to say was I was going to go to Rojas-Pedroza, where this court explained that just because the district court references the trial, that doesn't mean that we have a legal error so long as it considers the facts of the case and it considers the record as a whole and doesn't penalize, really, the defendant for going to trial. And we don't have that here. That would be a mistake of law. If this court penalized the defendant for going to trial or penalized some constitutionally protected conduct, then we would have that mistake of law. But that's not what happened here. And also I want to respond to this fact of how there's not cases that go as far as where this defendant went. I want to point the court to Molino. In that decision, this court affirmed a denial of the reduction, noting that defendant asserted a duress defense and essentially denied culpability of the offense because he gave inconsistent versions leading up to his arrest. I also want to point the court to Valdez-Lopez. There, the district court said there is no acceptance of responsibility. You went to trial. The court affirmed that decision because the district court went on to discuss sentencing factors and how they apply to this case. We do not have a district court going that far. We have a district court who's considered the record. The district court sat through this trial. The district court sat through a year and a half of litigation with this defendant who went pro se at times. So he had close conduct with this defendant. And, of course, the district court presided over pretrial litigation where it heard all of the moments before trial where this defendant did have opportunities to surrender to law enforcement and didn't. And so based on the record as a whole, we think that the district court did enough under this court's case law, Gambino-Ruiz, and the cases that I've mentioned, and we would ask that the district court's decision be entitled to the deference that it's owed and upheld. Unless the court has other questions, we ask that we affirm. The court affirms. Thank you. You have a few minutes for rebuttal. I'm glad that the government brought up the addendum because it just makes things worse. The addendum to the PSR. This is what the probation officer says to justify the continued denial. Quote, Chacon went to trial, thereby requiring the government to prepare for trial. That's legal error. That only applies to the third point, not the second point. In the government's position paper, the government notes that the jury rejected Chacon's duress defense for which he had the burden of proof. Also legally irrelevant to the acceptance. So the addendum only furthers the problem by encouraging the district court to make two additional legal errors. Second, the guideline range. That was brought up. It proves the prejudice here. Well, I mean, under the Supreme Court law, a guideline's error is presumed prejudicial anyway, but let's just knock it out right now. He got a below guideline sentence of 45 months. With acceptance, his low end would have been 41 to 51 months. Forty-one is less than 45. Therefore, the prejudice is beyond dispute. Although he says, the judge, I think it was ER 18, that he could consider the issue of acceptance under 3553A. So how do we know? Great point, which is where I was going to end, Judge Battaglia. We don't know. We can't know. But what we do know is that a resentencing proceeding is a very small price to pay. This full resentencing, you know, initially was, what, 20 pages, 25 pages? This would take 10 minutes, 15 minutes at the most. That's a small price to pay in the interest of justice to get it right. We're simply asking the court for an opportunity to get it right. Thank you. All right. Let me thank both sides for their argument. The case of the United States v. Lobos-Chacon is submitted.
judges: IKUTA, NGUYEN, Battaglia